## Welsh's License.    Appeal of William E. Welsh.

*Liquor law—Record—Presumption of regularity of proceedings.*

A license court cannot refuse a license without a hearing or an opportunity for a hearing, but the appellate court will not presume that it did so where the docket entries show affirmatively that on a given date the petition and remonstrance were heard and held under advisement.

Argued Oct. 6, 1899.  Appeal, No. 101, Oct. T., 1899, by William E. Welsh, from order of Q. S. Phila. Co., refusing a retail liquor license at 196 Weiss street.  Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.  Affirmed.  Per Curiam.

Petition for retail liquor license.  Before WILTBANK and McCARTHY, JJ.

It appears from the record that a petition for a retail liquor license was filed January 23, 1899.  Remonstrance was filed

March 1, 1899. On March 3, 1899, a withdrawal of remonstrance was filed. On March 6, 1899, a general order was made, as set out in the preceding case, Quinn's License, ante, p. 554. On March 21, 1899, the docket entries show that the petition and remonstrance were heard and held under advisement. On April 29, petition refused. On May 3, 1899, a petition for rehearing was filed, which was dismissed on May 6, 1899. William E. Welsh appealed.

*Errors assigned* were (1) in refusing to grant a license for the year 1899 to appellant. (2) The orders of the court, allowing and refusing said license, are contradictory and inconsistent.

*Ernest L. Trustin*, with him *Thos. R. Elcock*, for appellant.

*Lewis D. Vail*, with him *D. C. Gibboney*, for appellee.

PER CURIAM, November 20, 1899:

The appellant's application did not come within the class of cases referred to in the order or announcement made on March 6, 1899. See Quinn's Appeal, ante, p.     . A remonstrance had been duly filed charging the applicant with repeated violations of law, which charge was verified by affidavit. It is true, the complainant subsequently filed a paper expressing a desire to withdraw the remonstrance because it was filed in a moment of anger, but she did not retract the charge, nor does it appear that permission to withdraw the remonstrance was granted. The court was not bound by any announcement it had made at the opening of the license court for the year to ignore the sworn accusation and to conclusively presume that the applicant was entitled to a license. True the court could not accept the affidavit for verity and refuse the license without a hearing or an opportunity for a hearing, and it is not to be presumed that it did so. The docket entries show affirmatively that on March 21, the petition and remonstrance were heard and held under advisement. What we said in Quinn's Appeal as to the conclusiveness of the record is pertinent here and need not be repeated.

The order is affirmed.